UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUARDIAN TECHNOLOGIES, LLC, and HOLLIS M. TAPP, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-0649-B |
| X10 WIRELESS TECHNOLOGY, INC., | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant X10 Wireless Technology, Inc.'s ("X10") Third Motion for Stay filed December 22, 2010. (doc. 103). The Motion seeks to stay proceedings in this Court pending *ex parte* reexamination of the patent at issue by the U.S. Patent & Trademark Office ("PTO") and until after the Supreme Court's review of the Federal Circuit's decision in *i4i Limited Partnership v. Microsoft Corp.*, 598 F.3d 831 (Fed. Cir. 2010), *cert. granted in Microsoft Corp. v. i4i Limited Partnership*, Case No. 10-290 (Nov. 29, 2010). For the reasons set forth below, the Motion is **DENIED**.

### I.

### BACKGROUND

Plaintiff Guardian Technologies, LLC ("Guardian") filed this lawsuit on April 8, 2009 alleging infringement of U.S. Patent No. 5,657,076 ("the '076 Patent").[1] X10 filed its first motion

---

[1]The Court ordered on August 24, 2010 that Guardian join the patent's inventor, Hollis M. Tapp ("Tapp"), within ten days of the order. Mem. Op. Aug. 24, 2010 (doc. 79). In accordance with the Court's

- 1 -

to stay this action on February 17, 2010 after requesting an *ex parte* reexamination of the '076 Patent before the PTO.[2] (doc. 29). On March 25, 2010, the Court denied X10's motion to stay (doc. 39) and issued its Scheduling Order (doc. 37) setting the case for trial on May 23, 2011. The Court's Order denying the first motion to stay explained "[t]he Court will not attempt to predict whether the PTO will accept X10's request for reexamination or whether, if it does, the claims at issue will be amended in such a way as to materially affect the issues before the Court." Order Mar. 25, 2010 at 3. The Court directed the parties to continue with discovery to refine the issues to be resolved in this litigation, and explained "[t]hough some of the claims may potentially change if the PTO accepts X10's request for reexamination, the Court concludes that such contingency could be more appropriately addressed once the parties have more fully developed their positions and the PTO has take more concrete action." *Id.*

The PTO subsequently ordered reexamination of the '076 Patent on or about May 11, 2010. X10 Second Mot. Stay App. 5 (doc. 43-2). X10 filed its second motion to stay on May 18, 2010 (doc. 43), which this Court denied on June 9, 2010 (doc. 54). The Court's Order noted that the parties apparently had not proceeded diligently with discovery, which weighed against granting a stay. Order

---

order, Guardian and Tapp filed an amended complaint on August 31, 2010. (doc. 83). The Court refers to both Guardian Technologies, LLC individually and collectively with Hollis M. Tapp as "Guardian."

[2]The exact date X10 requested reexamination is unclear. In connection with its first motion to stay, X10 represented that it filed its request for an *ex parte* reexamination of the '076 Patent on February 2, 2010 and attached a "Request for Ex Parte Reexamination Transmittal Form" dated "2 Feb 2010." X10 First Mot. Stay App. 1 (Graham Declaration); App. 8 (transmittal form). However, other PTO documents regarding X10's request for reexamination list the date of filing as March 4, 2010. *See, e.g.*, X10 Second Mot. Stay App. 5 (doc. 43-2) (PTO office action granting request for reexamination and stating request was filed "04 March 2010"); X10 Third Mot. Stay App. 4 (doc. 103-1) (PTO office action regarding initial determination on reexamination). Regardless of whether X10 filed its request in February or March of 2010, the Court notes the significant delay between the filing of this suit in April 2009 and the request for reexamination.

June 9, 2010 at 2-3. Further, the Court found that this was a relatively straightforward patent case and "X10 filed its motion for *ex parte* reexamination long after it received notice of potential infringement and after submitting a joint proposed schedule for resolution of this case, the potential for simplification of the issues is speculative at this point, and a trial date has been set." *Id.* at 3.

On December 22, 2010, X10 filed its Third Motion to Stay, arguing that two events have arisen which now warrant a stay in the case despite the Court's previous denials. First, the PTO's reexamination has resulted in an initial determination rejecting all of the claims in the '076 Patent that are at issue in this case, meaning that the Court and the PTO could reach inconsistent results. The PTO on reexamination applies a different standard when reviewing a patent than that applied by courts reviewing challenges to a patent's validity. Under Federal Circuit precedent a patent is presumed to be valid and a defendant seeking to invalidate it must do so on clear and convincing evidence. *See, e.g., Iovate Health Scis., Inc. v. Bio-Eng'red Supplements & Nutrition, Inc.*, 586 F.3d 1376, 1380 (Fed. Cir. 2009). In contrast, on reexamination a patent enjoys no presumption of validity, *Bruning v. Hirose*, 161 F.3d 681, 685 (Fed. Cir. 1998) (citing 35 U.S.C. § 305 (1994)) ("[R]eexamination will be conducted according to the procedures established for initial examinations."), and the patent holder has the burden of showing his entitlement to a patent. As such, X10 argues that it is likely that the PTO's final determination will invalidate at least some, if not all, of the claims at issue in this case.

Second, the Supreme Court has agreed to review the standard of proof to be used in challenging patent validity at trial. X10 states that on summary judgment and at trial, it will seek to apply a burden of proof which is inconsistent with current Federal Circuit law but which may be approved by the Supreme Court in the *i4i* case given that, in X10's view, it is not only inconsistent

for the courts to apply a different standard than that followed by the PTO but also unfair. Overall, X10 argues that a stay would prevent possible injustice – a jury could find X10 liable in this case for infringing a valid patent, but that same patent, or at least the patent's claims at issue in this case, will likely be rejected by the PTO's final determination upon reexamination, based on the differing burdens of proof governing civil patent cases and PTO reexaminations.

## II.

## ANALYSIS

This court has the inherent authority to control its docket, including the discretion to stay proceedings. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Further, in deciding whether to stay litigation pending reexamination of a patent, courts consider three main factors: "1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, 2) whether a stay will simplify the issues in question and the trial of the case, and 3) whether discovery is complete and whether a trial date has been set." *BarTex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 649-50 (E.D. Tex. 2009) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). Although there may be several advantages in granting a stay pending reexamination, *id.* at 650 (citing *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006), courts are not required to stay proceedings, as "litigation and reexamination are not mutually exclusive alternatives for the parties to test the validity of a patent – they may be concurrent proceedings." *Id.* at 650 (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427-28 (Fed. Cir. 1988)).

The Court finds that the PTO's initial determination rejecting the claims at issue does not warrant a stay in this case. The Court cannot predict whether the PTO's final determination will also reject the claims at issue, given that Guardian has filed a substantive response traversing the rejections. Nor can the Court predict the results of any appeal that Guardian may bring if the final determination rejects any claims at issue in this case. Additionally, ultimate resolution of the reexamination proceedings and any appeals could take several years.[3] In the meantime, Guardian will not be able to vindicate its rights against X10 through a permanent injunction,[4] even though discovery is almost complete in this case and the trial date of May 23, 2011 is approaching.[5] Accordingly, the first and third *BarTex* factors weigh in favor of denying a stay. However, the possible invalidity of the '076 patent appears to be the main, if not the sole, remaining issue in this case.[6] The PTO's final determination could therefore simplify the issues at trial, or even obviate the need for a trial; thus, the second *BarTex* factor weighs in favor of granting a stay. The Court finds, though, that this factor is outweighed by the first and third factors – this case is too close to its conclusion and there is too much uncertainty and delay associated with the PTO's reexamination

---

[3] *See BarTex*, 611 F. Supp. 2d at 651 (citing authorities discussing length of reexamination proceedings and reexamination appeals).

[4] *See BarTex*, 611 F. Supp. 2d at 652 (noting the significance of a patent holder's right to exclude and explaining that "damages alone may not fully compensate [the patent holder] for a lengthy delay resulting from reexamination"). The delay that would be caused by a stay does not necessarily impair Guardian's ability to obtain money damages from X10, though the parties are in dispute as to X10's future ability to pay.

[5] Both sides in this case accuse the other of improper delay in this case – Guardian accuses X10 of delay in filing its request for reexamination, and X10 accuses Guardian of delay in filing this complaint. Without making a determination as to which argument is more convincing, the Court notes that X10, as the movant, has the burden of showing its entitlement to a stay.

[6] The parties filed their Joint Stipulation Regarding Reasonable Royalty Rate (doc. 112) on January 24, 2010, setting forth their agreed royalty rate should X10 be found to have infringed the '076 Patent.

to grant a stay at this time.[7]

The Court also finds that the Supreme Court's granting of *certiorari* in the *i4i* case does not warrant a stay in this case. It is possible that the Supreme Court may eventually change the clear-and-convincing evidence standard which applies when a litigant bases its invalidity contentions on a reference that was not before the PTO. It also possible that differing standards relating to a patent's validity before the PTO and before a court are not "fair," at least from the point of view of the alleged infringer. However, the current standard as set forth by the Federal Circuit is binding on this Court,[8] and the Court will not delay proceedings in this case based on the mere possibility that at some future time the Supreme Court or the Federal Circuit will change the standard.[9] If at some point during this case's proceedings the standard is altered by a decision which is binding upon the Court, the parties may bring such decision to the Court's attention at that time.

---

[7] The Court notes the similarity of the facts in *BarTex* to those of this case. There, the PTO had also issued an initial determination rejecting the claims at issue, but the Court found that the patent holder would suffer undue prejudice resulting from a stay, the issues would not necessarily be significantly simplified due to the court's inability to predict the results of the final determination, and the motion was filed sixteen months after the case was filed, with trial set in nine months, discovery on-going, and claim construction essentially completed. *BarTex*, 611 F. Supp. 2d at 649, 650-654.

[8] *See, e.g., Uniloc USA, Inc. v. Microsoft Corp.*, --- F.3d ----, 2011 WL 9738, at * 26 (Fed. Cir. Jan. 4, 2011) ("[T]he statutory presumption of validity can be overcome only by showing invalidity by clear and convincing evidence, even where allegedly invalidating prior art was not before the patent office. Until changed by the Supreme Court or this court sitting en banc, that is still the law.") (citations omitted); *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008).

[9] Guardian also argues 1) certain prior art supposedly not considered by the PTO was in fact presented to the PTO at the time of filing of the patent application and actually considered by the PTO, and 2) two new references submitted to the PTO on reexamination are not in fact prior art, such that the issue in *i4i* is irrelevant to this case. The Court declines to examine these arguments as it finds that a stay should not be granted regardless of the relevancy of the issue in *i4i* to this case.

## III.

## CONCLUSION

For the reasons given above, X10's Third Motion for Stay (doc. 103) is **DENIED**.

**SO ORDERED.**

SIGNED: January 25, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE